### WINDMASSINGER v. H. S. GETTY & CO., Inc.

Clv. A. No. 7268.

United States District Court E. D. Pennsylvania.

Sept. 29, 1948.

Charles F. Phillips, of Philadelphia, Pa., for plaintiff.

John F. E. Hippel, Frank E. Hahn and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a civil action under the Fair Labor Standards Act[1] to recover unpaid overtime compensation allegedly due the plaintiff, together with liquidated damages and attorney's fees.

On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. The plaintiff is George Windmassinger.

2. The defendant, H. S. Getty & Co., Inc., is a Pennsylvania corporation which was at all material times engaged in the manufacture of hardware which was shipped in interstate commerce.

3. At all material times the defendant was engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

4. The plaintiff was employed by the defendant as foreman in the defendant's

[1] 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

Lock Department during the period from April 18, 1941 to August 16, 1945.

5. The plaintiff was paid a salary of $48.30 per week commencing April 18, 1941. His salary was progressively increased until he was earning $72 per week from December 1, 1943 until August 16, 1945.

6. The plaintiff had under his direction and supervision approximately fourteen employees.

7. The plaintiff's time was spent in supervising the work of employees in the Lock Department, checking the work of his subordinates, and performing other duties of an executive nature which required the exercise of discretionary powers.

8. At all material times the plaintiff was a bona fide executive employee of the defendant, in that

(a) The plaintiff's primary duty consisted of the management of a customarily recognized department of the defendant, namely, the Lock Department;

(b) The plaintiff customarily and regularly directed the work of other employees in the Lock Department;

(c) The plaintiff's suggestions and recommendations as to the hiring or firing of other employees were given particular weight;

(d) The plaintiff customarily and regularly exercised discretionary powers in performing his duties; particularly in the assigning of work, the fixing of piecework rates, and the settlement of disputes;

(e) The plaintiff was compensated for his services on a salary basis in excess of $30 per week, exclusive of board, lodging or other facilities; and

(f) The plaintiff's hours of work of the same nature as that performed by nonexempt employees did not exceed 20% of the number of hours worked in the workweek by the nonexempt employees under his direction.

### Conclusions of Law.

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. The plaintiff was employed by the defendant in a bona fide executive capacity within the meaning of Section 13(a) of the Fair Labor Standards Act, supra, and the applicable regulations issued thereunder.

3. The defendant did not violate the Fair Labor Standards Act, supra, by failing to pay the plaintiff the overtime compensation which the plaintiff alleges is due him.

4. Judgment may be entered for the defendant.